# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

**KIMBERLY NANCE**,

    Plaintiff,

**v.**                                                        No.    1:25-cv-01083-STA-jay

**ERIE INSURANCE COMPANY**,              JURY DEMANDED

    Defendant.

## ANSWER

COMES NOW the Defendant, Erie Insurance Company ("Defendant"), by and through counsel, and responds to the allegations contained in the enumerated paragraphs of Plaintiff's Complaint, as follows:

### PARTIES

1.    Defendant admits the allegations contained in Paragraph 1 of Plaintiff's Complaint, upon information and belief.

2.    Defendant admits the allegations contained in Paragraph 2 of Plaintiff's Complaint for purposes of jurisdiction and venue only.

### JURISDICTION AND VENUE

3.    Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Complaint for purposes of jurisdiction and venue only. Defendant specifically reserves all rights and defenses available under the Policy and applicable law, and does not in any manner admit that Plaintiff is entitled to any relief requested in the Complaint.

4.    Defendant admits the allegations contained in Paragraph 4 of Plaintiff's Complaint

for purposes of jurisdiction and venue only.

5. Defendant admits the allegations contained in Paragraph 5 of Plaintiff's Complaint for purposes of jurisdiction and venue only.

6. Defendant admits the allegations contained in Paragraph 6 of Plaintiff's Complaint, upon information and belief, for purposes of jurisdiction and venue only.

## FACTS

7. In response to the allegations contained in Paragraph 7 of Plaintiff's Complaint, Defendant admits that it issued a policy of insurance to Plaintiff, bearing policy number Q51-7301961, effective March 23, 2023 to March 23, 2024 (the "Policy"), which provides various coverages subject to the terms, conditions, and limitations stated therein. The Policy, as a legal document, speaks for itself. By admitting the general nature of these allegations, Defendant specifically reserves its rights and defenses available under the Policy and Tennessee law, and does not in any manner admit that Plaintiff is entitled to any relief requested in the Complaint.

8. In response to the allegations contained in Paragraph 8 of Plaintiff's Complaint, Defendant asserts that the Policy, as a legal document, speaks for itself. Defendant denies the allegations insofar as they are inconsistent with or contradict the Policy.

9. In response to the allegations contained in Paragraph 9 of Plaintiff's Complaint, Defendant admits that the Policy was in effect on the date of loss reported by Plaintiff.

10. In response to the allegations contained in Paragraph 10 of Plaintiff's Complaint, Defendant admits that it first received notice of the subject loss on September 13, 2023, at which time Plaintiff reported that a weather event occurred on March 31, 2023 resulting in damage to the Plaintiff's property at 20825 Highway 79, Gadsden, TN 38337.

11. Defendant lacks sufficient knowledge or information at this time to form a belief

as to the truth of the allegations regarding ownership of the property at all times. Notwithstanding, Defendant admits, upon information and belief, that Plaintiff owned the property on the date of loss reported by Plaintiff.

12. In response to the allegations contained in Paragraph 12 of Plaintiff's Complaint, Defendant denies that Plaintiff "promptly reported" the loss which allegedly occurred on or about March 31, 2023. Instead, Plaintiff first reported the loss to Defendant on September 13, 2023.

13. In response to the allegations contained in Paragraph 13 of Plaintiff's Complaint, Defendant admits that Plaintiff first reported the loss on September 13, 2023, which Defendant assigned claimed number A00005300996.

14. In response to the allegations contained in Paragraph 14 of Plaintiff's Complaint, Defendant admits that it properly conducted a thorough investigation of the claim. Defendant asserts that it acted in good faith, within its rights, and in accordance with the Policy at all relevant times including, but not limited to, its investigation and handling of the subject claim.

15. Defendant admits the allegations contained in Paragraph 15 of Plaintiff's Complaint. Defendant asserts that its inspections of the property included an inspection conducted by a licensed professional engineer.

16. The allegations contained in Paragraph 16 of Plaintiff's Complaint are admitted in part and denied in part. Defendant admits that it "afforded coverage" only insofar as its investigation found some storm-related damage to the property which was covered by the Policy, and Defendant issued payments for such covered damage. Defendant denies the remaining allegations contained therein and specifically denies that the Policy affords coverage for all damage claimed by Plaintiff. Defendant asserts that the additional damage claimed by Plaintiff was not caused by the subject loss and is not afforded coverage under the Policy.

17. The allegations contained in Paragraph 17 of Plaintiff's Complaint are admitted in part and denied in part. Defendant admits that its investigation found some storm-related damage to the property which was covered by the Policy, and Defendant issued payments for such covered damage in accordance with the Policy. Defendant denies the remaining allegations contained therein and specifically denies that the Policy affords coverage for all damage claimed by Plaintiff. Defendant asserts that all of the damage claimed by Plaintiff was not caused by the subject loss and is not afforded coverage under the Policy.

18. The allegations contained in Paragraph 18 of Plaintiff's Complaint are admitted in part and denied in part. Defendant admits that its investigation found some storm-related damage to the property which was covered by the Policy, and Defendant issued payments for such covered damage in accordance with the Policy. Defendant denies the remaining allegations contained therein and specifically denies that the Policy affords coverage for all damage claimed by Plaintiff. Defendant asserts that all of the damage claimed by Plaintiff was not caused by the subject loss and is not afforded coverage under the Policy.

19. Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. The allegations contained in Paragraph 20 of Plaintiff's Complaint are admitted in part and denied in part. Defendant admits that it received a copy of the "Loss Assessment" prepared by Plaintiff's public adjuster, William Griffin. Defendant denies the remaining allegations contained therein. Defendant specifically denies that said document represents an "independent evaluation of the damages" and demands strict proof thereof.

21. Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. The allegations contained in Paragraph 23 of Plaintiff's Complaint are admitted in part and denied in part. Defendant admits that Plaintiff first reported the loss on September 13, 2023. Defendant also admits that William Griffin, Plaintiff's public adjuster, provided Defendant with a proof of loss and a demand for payment. Defendant denies the remaining allegations contained therein and demands strict proof thereof.

24. In response to the allegations contained in Paragraph 24 of Plaintiff's Complaint, Defendant asserts that the Policy, as a legal document, speaks for itself. Defendant asserts that the Appraisal condition of the Policy, as endorsed in the Tennessee ErieSecure Home Policy Change Endorsement, ES01529 (Ed. 8/22) UF-C921, provides as follows:

> If "**you**" and "**we**" fail to agree on the actual cash value or cost to repair or replace damage to covered property caused by a peril insured against, either party may make written demand for an appraisal. Each party will select a competent, disinterested and impartial appraiser and notify the other of the appraiser's identity within 20 days after the demand is received. The appraisers will select a competent, disinterested and impartial umpire. If the appraisers are unable to agree upon an umpire within 15 days after both appraisers have been identified, "**you**" or "**we**" can ask a judge of a court of record in the state where "**your**" "**residence premises**" is located to select an umpire.
>
> The appraisers will then determine the actual cash value or cost to repair or replace damage to covered property caused by a peril insured against. If the appraisers submit a written report of an agreement to "**us**," the amount agreed upon will be the amount owed. If they cannot agree, they will submit their differences to the umpire. A written award by two will determine the amount owed.
>
> Each party will pay the appraiser it chooses, and equally bear expenses of the appraisal. However, if the written demand for appraisal is made by "**us**," "**we**" will pay for the reasonable cost of "**your**" appraiser and "**your**" share of the cost of the umpire.
>
> "**We**" will not be held to have waived any rights by any act relating to the appraisal.
>
> This is not an agreement to arbitrate. The appraisers and umpire are only authorized to determine actual cash value or the cost to repair or replace damaged property. The appraisers and umpire are not authorized to determine if a loss is covered or excluded under the policy.

(*See* Doc. 1-3 at PageID #48). Defendant denies the allegations insofar as they are inconsistent with or contradict the Policy.

25. The allegations contained in Paragraph 25 of Plaintiff's Complaint are admitted in part and denied in part. Defendant admits that admits that William Griffin, Plaintiff's public adjuster, provided Defendant with a Sworn Statement in Proof of Loss and a demand for appraisal. Defendant denies the remaining allegations contained therein and demands strict proof thereof.

26. The allegations contained in Paragraph 26 of Plaintiff's Complaint are admitted in part and denied in part. Defendant admits that it did not agree to proceed with appraisal in response to the demand from William Griffin, Plaintiff's public adjuster. Defendant denies the remaining allegations contained therein and demands strict proof thereof. Defendant asserts that appraisal under the Policy is only appropriate if there is a failure to agree on the actual cash value or cost to repair or replace damage to covered property caused by a peril insured against. At that time, however, the parties' disagreement pertained to additional damage claimed by Plaintiff which necessarily required determinations regarding whether the additional damage existed, whether the additional damage was caused by a peril insured against, and whether such additional damage was afforded coverage by the Policy. As provided under the Appraisal condition of the Policy, however, "[t]he appraisers and umpire are only authorized to determine actual cash value or the cost to repair or replace damaged property. The appraisers and umpire are not authorized to determine if a loss is covered or excluded under the policy." Accordingly, appraisal was not appropriate and, as such, Defendant rejected the request for appraisal.

27. In response to the allegations contained in Paragraph 27 of Plaintiff's Complaint, Defendant admits that the Policy was in effect when the subject loss reportedly occurred on or about March 31, 2023.

28. Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Complaint, and demands strict proof thereof.

29. Defendant denies the allegations contained in Paragraph 29 of Plaintiff's Complaint, and demands strict proof thereof.

30. Defendant denies the allegations contained in Paragraph 30 of Plaintiff's Complaint, and demands strict proof thereof.

31. Defendant denies the allegations contained in Paragraph 31 of Plaintiff's Complaint, and demands strict proof thereof.

32. Defendant denies the allegations contained in Paragraph 32 of Plaintiff's Complaint, and demands strict proof thereof.

33. Defendant denies the allegations contained in Paragraph 33 of Plaintiff's Complaint, and demands strict proof thereof.

34. Defendant denies the allegations contained in Paragraph 34 of Plaintiff's Complaint, and demands strict proof thereof.

35. In response to the allegations contained in Paragraph 35 of Plaintiff's Complaint, Defendant asserts that the Policy, as a legal document, speaks for itself. Defendant denies the allegations insofar as they are inconsistent with or contradict the Policy.

36. Defendant denies the allegations contained in Paragraph 36 of Plaintiff's Complaint, and demands strict proof thereof.

37. Defendant denies the allegations contained in Paragraph 37 of Plaintiff's Complaint, and demands strict proof thereof.

## COUNT I—BREACH OF CONTRACT

38. In response to the allegations contained in Paragraph 38 of Plaintiff's Complaint,

Defendant incorporates by reference its responses above to the allegations contained in Paragraphs 1 through 37 of the Complaint as if specifically set forth verbatim herein.

39. Paragraph 39 of Plaintiff's Complaint contains only legal conclusions or opinions; therefore, no response is required. Insofar as a response is required, Defendant denies the allegations.

40. Paragraph 40 of Plaintiff's Complaint contains only legal conclusions or opinions; therefore, no response is required. Insofar as a response is required, Defendant admits that the Policy was a valid and enforceable contract in effect on the reported date of loss.

41. Paragraph 41 of Plaintiff's Complaint contains only legal conclusions or opinions; therefore, no response is required. Insofar as a response is required, Defendant admits, upon information and belief, that no premium payments were outstanding on the reported date of loss.

42. Paragraph 42 of Plaintiff's Complaint contains only legal conclusions or opinions; therefore, no response is required. Insofar as a response is required, Defendant admits that the Policy was in effect on the reported date of loss.

43. Defendant denies the allegations contained in Paragraph 43 of Plaintiff's Complaint, and demands strict proof thereof.

44. Defendant denies the allegations contained in Paragraph 44 of Plaintiff's Complaint, and demands strict proof thereof.

45. Defendant denies the allegations contained in Paragraph 45 of Plaintiff's Complaint, and demands strict proof thereof.

COUT II—DECLARATORY ACTION AND PETITION TO COMPEL APPRAISAL

46. In response to the allegations contained in Paragraph 46 of Plaintiff's Complaint, Defendant incorporates by reference its responses above to the allegations contained in Paragraphs

1 through 45 of the Complaint as if specifically set forth verbatim herein.

47. Paragraph 47 of Plaintiff's Complaint contains only legal conclusions or opinions; therefore, no response is required. Insofar as a response is required, Defendant denies the allegations as characterized therein.

48. Paragraph 48 of Plaintiff's Complaint contains only legal conclusions or opinions; therefore, no response is required. Insofar as a response is required, Defendant asserts that the Policy, as a legal document, speaks for itself. *See* ¶24 above (quoting the Appraisal condition of the Policy).

49. Paragraph 49 of Plaintiff's Complaint contains only legal conclusions or opinions; therefore, no response is required. Insofar as a response is required, Defendant asserts that the Policy, as a legal document, speaks for itself. *See* ¶24 above (quoting the Appraisal condition of the Policy). Defendant denies that Plaintiff has the unilateral right or ability to compel appraisal under the Policy.

50. Paragraph 50 of Plaintiff's Complaint contains only legal conclusions or opinions; therefore, no response is required. Insofar as a response is required, Defendant denies the allegations. Defendant asserts that the Policy, as a legal document, speaks for itself. See ¶24 above (quoting the Appraisal condition of the Policy). Defendant further asserts that, as provided by the Policy, appraisal is only appropriate if there is a failure to agree on the actual cash value or cost to repair or replace damage to covered property caused by a peril insured against.

51. Defendant denies the allegations contained in Paragraph 51 of Plaintiff's Complaint, and demands strict proof thereof.

52. Defendant denies the allegations contained in Paragraph 52 of Plaintiff's Complaint, and demands strict proof thereof.

53. Defendant denies the allegations contained in Paragraph 53 of Plaintiff's Complaint, and demands strict proof thereof.

54. Paragraph 54 of Plaintiff's Complaint contains only legal conclusions or opinions; therefore, no response is required. Insofar as a response is required, Defendant asserts that the Court's power and authority is not determined by the allegations of the parties.

55. Paragraph 55 of Plaintiff's Complaint contains only legal conclusions or opinions; therefore, no response is required. Insofar as a response is required, Defendant lacks sufficient knowledge or information at this time to form a belief as to the truth of the allegations contained therein; therefore, Defendant denies the allegations.

## PRAYER FOR RELIEF

56. In response to the allegations contained in Paragraph 56 of Plaintiff's Complaint, Defendant denies that Plaintiff is entitled to any of the relief requested and demands strict proof thereof.

57. In response to the allegations contained in Paragraph 57 of Plaintiff's Complaint, Defendant denies that Plaintiff is entitled to any of the relief requested and demands strict proof thereof.

58. In response to the allegations contained in Paragraph 58 of Plaintiff's Complaint, Defendant denies that Plaintiff is entitled to any of the relief requested and demands strict proof thereof.

59. In response to the allegations contained in Paragraph 59 of Plaintiff's Complaint, Defendant denies that Plaintiff is entitled to any of the relief requested and demands strict proof thereof.

60. In response to the allegations contained in Paragraph 60 of Plaintiff's Complaint,

Defendant denies that Plaintiff is entitled to any of the relief requested and demands strict proof thereof.

61. In response to the allegations contained in Paragraph 61 of Plaintiff's Complaint, Defendant denies that Plaintiff is entitled to any of the relief requested and demands strict proof thereof.

62. In response to the allegations contained in Paragraph 62 of Plaintiff's Complaint, Defendant denies that Plaintiff is entitled to any of the relief requested and demands strict proof thereof.

Any of the allegations contained in Plaintiff's Complaint not heretofore specifically admitted, denied, or otherwise explained are hereby generally denied the same as if set forth specifically above.

## **AFFIRMATIVE DEFENSES**

Defendant, having fully answered the allegations of Plaintiff's Complaint, asserts the following affirmative defenses:

1. Defendant affirmatively asserts that the allegations contained in the "Petition to Compel Appraisal" in Count II of Plaintiff's Complaint fail to state a claim upon which relief may be granted; therefore, the "Petition to Compel Appraisal" in Count II of Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Defendant asserts that the "Petition to Compel Appraisal" in Count II of Plaintiff's Complaint is not a standalone cause of action recognized under Tennessee law; rather it is part of a breach of contract claim. Accordingly, Defendant asserts that the standalone "Petition to Compel Appraisal" in Count II of Plaintiff's Complaint must be dismissed in accordance with Fed. R. Civ. P. 12(b)(6).

2. Defendant affirmatively asserts that the allegations contained in Paragraph 61 of

Plaintiff's Complaint fail to state a claim upon which relief may be granted; therefore, Plaintiff's claim for "attorneys' fees and costs" in Paragraph 61 of the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). All causes of action asserted by Plaintiff in the Complaint are contractual in nature. There is no basis under the parties' contract (i.e., the Policy) or Tennessee law upon which Plaintiff may recover "attorneys' fees and costs" from Defendant. Accordingly, Defendant asserts that Plaintiff's claim for "attorneys' fees and costs" must be dismissed in accordance with Fed. R. Civ. P. 12(b)(6).

3. Defendant relies upon and asserts all terms, conditions, and provisions of the Policy issued to Plaintiff, including all applicable forms and endorsements thereto. Defendant specifically reserves all rights and defenses available under the Policy and applicable law, either now known or yet to be known, and regardless of whether identified or stated herein.

4. Defendant affirmatively asserts that it acted in good faith, within its rights, and in accordance with the Policy at all relevant times including, but not limited to, its investigation and handling of the subject claim, assigned claim number A00005300996.

5. Defendant affirmatively asserts that the Policy does not provide coverage for all of the loss and/or damage claimed by Plaintiff.

6. Defendant affirmatively asserts that, if any monetary judgment is entered against Defendant in this action, then Defendant is entitled to an offset or credit against such judgment in an amount equal to all payments made by Defendant to Plaintiff under the Policy.

7. Defendant relies upon and affirmatively asserts Plaintiff's ongoing duty to mitigate damages, if any, as alleged to have been suffered in the Complaint. Insofar as Plaintiff fails and/or failed to mitigate damages, Defendant is entitled to an offset or credit against any amount sought to be recovered by Plaintiff from this Defendant in an amount equal to the damages Plaintiff could

20165-241467 (BWR)

have reasonably avoided.

8.  Should the proof in this cause show that acts or omissions by Plaintiff and/or Plaintiff's authorized representative, public adjuster, and/or assignee caused or contributed to Plaintiff's alleged damages, Defendant relies upon and asserts such conduct as an affirmative defense to this action, thereby completely barring or proportionately reducing any recovery against this Defendant.

WHEREFORE, having fully answered the allegations contained in Plaintiff's Complaint, and having set forth its affirmative defenses, Defendant respectfully requests that said Complaint against it be dismissed with costs assessed to Plaintiff. Defendant demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38.

Respectfully submitted,

RAINEY, KIZER, REVIERE & BELL, PLC

By: *s/ Brandon W. Reedy*
BRANDON W. REEDY (BPR #30314)
209 East Main St.
P.O. Box 1147
Jackson, TN 38302-1147
(731) 423-2414
breedy@raineykizer.com

*Attorney for Defendant*
*Erie Insurance Company*

20165-241467 (BWR)

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served electronically via the Court's electronic case filing system and/or email to the below listed counsel of record:

Tania Williams (*Admitted Pro Hac Vice*)
INSURANCE LITIGATION GROUP, P.A.
1500 NE 162nd St.
Miami, FL 33162
(786) 529-0090
twilliams@ilgpa.com
service@ilgpa.com

***Attorney for Plaintiff***

This 3rd day of July, 2025.

                *s/ Brandon W. Reedy*