IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNNESSEE

JACKSON DIVISION

| | | |
|---|---|---|
| KIMBERLY NANCE, | ) | |
| | ) | |
|    Plaintiff, | ) | Case No.: 1:25-cv-1083-STA-jay |
| | ) | |
| v. | ) | **JURY DEMAND** |
| | ) | |
| ERIE INSURANCE COMPANY, | ) | |
| | ) | |
|    Defendant. | ) | |

**AMENDED REPORT OF THE PARTIES' RULE 26(f) PLANNING MEETING**

**I.     PLANNING MEETING**

The following persons participated in a Rule 26(f) Conference on Thursday, August 14, 2025, by email: Tania Williams, representing the Plaintiff, and Brandon Reedy, representing the Defendant.

**II.    INITIAL DISCLOSURES**

The parties shall complete the Initial Disclosures required by Rule 26(a)(1) by **September 25, 2025**.

**III.   DISCOVERY PLAN**

The Parties propose this discovery plan:

    a.    The parties make no changes to the timing, form, or requirement for disclosures under Rule 26(a).

    b.    Discovery will be needed on these subjects: liability, including whether the loss referenced in the Complaint is covered under the subject insurance policy, and the nature and extent of damages.

    c.    The Parties do not anticipate any issues regarding the disclosure, discovery, or

preservation of electronically stored information at this time. Disclosure or discovery of electronically stored information should be handled as follows:

The Parties agree to preserve all electronic communications, including but not limited to electronic mail. Unless otherwise agreed upon, the parties may disclose/produce ESI in hardcopy or static form (e.g., searchable .pdf or .TIF), thereby allowing documents produced to be indexed and individually marked through "bates" stamping. Consistent with Federal Rule of Civil Procedure 34(b)(2)(E)(iii), the parties need not produce the same electronic discovery in more than one form; however, after the production of electronic discovery in a hardcopy or static form, the parties may request disclosure of metadata or native files for particular documents where good cause has been demonstrated (e.g., when the original creation date of a document is an issue and disputed) or when a static image is not reasonably usable (e.g., when a .pdf image is unable to capture/display all column/information contained in a spreadsheet such as an Excel file).

d. If privileged or protected information is inadvertently produced, the producing party may, by timely notice, assert the privilege or protection and obtain the return of the materials without waiver.

e. No changes are needed to the limitations on discovery imposed under these rules or by local rule and no other limitations are needed at this time.

**IV.  OTHER ITEMS:**

a. The Parties believe that the case may be appropriate for alternative dispute resolution.

b. In compliance with the plan for alternative dispute resolution (ADR), the parties will engage in mediation prior to and not later than **December 4, 2025** pursuant to ADR Plan Rule 4.3(a). The parties have agreed upon **Fred Collins** as mediator pursuant to ADR Plan Rule 5.4(c).

c. The Parties will submit a Proposed Scheduling Order on or before **September 4, 2025**, pursuant to Local Rule 16.2 and the Court's instruction.

d. The Initial Scheduling Conference is scheduled for **September 11, 2025**, at 9:45 a.m.

e. The parties expect this jury trial to last four (4) days.

f. The Parties do consent to the conduct of all proceedings, including trial, before the Magistrate Judge.

Respectfully submitted,

*/s/ Tania Williams*
Tania Williams, Esq.
Florida Bar No. 599425
**INSURANCE LITIGATION GROUP, P.A.**
1500 NE 162nd Street
Miami, FL 33162
(786) 529-0090 Office
Facsimile: (866) 239-9520
E-Mail: Twilliams@ilgpa.com
service@ilgpa.com
*Attorney for Plaintiff*

**RAINEY, KIZER, REVIERE & BELL, PLC**

*/s/ Brandon W. Reedy*
Brandon W. Reedy, Esq.
209 East Main Street
Jackson, TN 38302
(731) 423-2414 (O)
breedy@raineykizer.com
*Attorney for Defendant*